UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANNY JACK HART, ET AL., | Case No. 2:20-cv-00773-GMN-DJA |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| LOWE'S HOME CENTERS, LLC, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Set Aside Default (ECF No. 9), filed on May 14, 2020. Plaintiff filed a Response (ECF No. 12) on June 2, 2020. Defendant filed a Reply (ECF No. 19) on June 11, 2020. The Court finds the Motion properly resolved without a hearing. *See* Local Rule 78-1.

**I. BACKGROUND**

Defendant contends that there is good cause to set aside the default as its answer was due on April 21, 2020 and Plaintiff applied for default before that deadline expired despite Defendant's notice of appearance and request for an extension of time to answer. (ECF No. 9). Further, Defendant asserts that its counsel requested the default be withdrawn, but Plaintiff did not agree to do so in a timely fashion and refused to negotiate language for a stipulation to withdraw. Plaintiff responds that Defendant failed to timely appear and Plaintiff's counsel only knew of Defendant's intent to appear after the application for default had already been submitted. (ECF No. 12). Defendant replies that its Motion satisfies the good cause standard to set aside the default entered against it due to its timely actions in filing a notice of appearance and requesting an extension of time to answer. (ECF. No. 19).

///

///

## II. DISCUSSION

Although default was entered in state court, the Federal Rules of Civil Procedure govern the setting aside of a default subsequent to removal. *See Butner v. Neustadter*, 324 F.2d 783, 785–86 (9th Cir. 1963). Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside entry of default "for good cause shown." The "good cause" standard is the same standard that governs vacating a default judgment under Rule 60(b). *See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.,* 375 F.3d 922, 925 (9th Cir. 2004); *see also Aristocrat Tech., Inc. v. High Impact Design & Entm't*, 642 F. Supp. 2d 1228, 1232 (D. Nev. 2009). The Court considers three factors in analyzing good cause: (1) whether the defaulting party engaged in culpable conduct leading to the default; (2) whether vacating the entry of default would prejudice the plaintiff; and (3) whether the defaulting party has a meritorious defense. *Id.* at 926. The court has discretion to deny the motion to set aside default if any one of the three factors favor the plaintiff. *Id.*

Further, it is established that setting aside default is remedial in nature and should be applied liberally. *Id*; *see also Cassell v. Philadelphia Maint. Co.*, 198 F.R.D. 67 (E.D. Pa. 2000) (stating that courts should construe motions to set aside default liberally in favor of the moving party). Indeed, the law favors deciding a case on its merits. *Franchise Holding II, LLC*, 375 F.3d at 925. "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994) (quoting *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986)).

### A. Culpable Conduct

When examining culpable conduct, the Court concurrently examines any excusable neglect of the defaulting party. *See Franchise Holding II, LLC,* 375 F.3d at 927. Defendant's conduct is culpable if it "received actual or constructive notice of the filing of the action and failed to answer" or otherwise defend. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 690 (9th Cir. 1988).

Here, the Court notes that default judgment was entered against Defendant before the expiration of the time period for their response to the Complaint. Further, Plaintiff filed his motion for default judgment against Defendant on the same day as the deadline to appear. In addition, Defendant contacted Plaintiff to request an extension of time to answer and sought to reach a stipulation that the proposed default be withdrawn for several reasons, including untimeliness. Despite an initial agreement to provide Defendant with a two-week extension of time to answer, the parties were unable to stipulate to withdrawal of the default judgment. The Court finds that Defendant's actions on April 21, 2020 did not reach the level of culpable conduct under these circumstances as it filed a notice of appearance and requested an extension of time to respond to the Complaint. Accordingly, the Court finds that this factor weighs in favor of setting aside the default.

### B. Prejudice

The Court similarly finds that the second factor weighs in favor of setting aside the default as it does not find prejudice will occur to Plaintiff. Indeed, Defendant appeared and answered the Complaint within two weeks of its original deadline, which did not cause a significant delay in the progression of the case. Also, Plaintiff clearly knew of Defendant's intent to litigate this case on the merits and participate in the case due to Defendant's actions in notifying counsel and requesting an extension. The Court notes that there were also prior communications before the answer deadline passed that gave Plaintiff an indication that Defendant would seek to defend itself in this litigation. As such, the Court finds no prejudice to Plaintiff at this early stage of the litigation. *See Franchise Holding II, LLC,* 375 F.3d at 925 (recognizing that federal law favors deciding a case on its merits); *see also Stoecklein v. Johnson Elec., Inc*., 849 P.2d 305 at 307 (recognizing Nevada's policy of deciding a case on the merits); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

### C. Meritorious Defense

Generally, to succeed on a motion to set aside a default, a defendant must set forth specific facts that constitute a defense. *See Franchise Holding,* 375 F.3d at 926. Further, a mere general denial, without facts to support it, is not sufficient. *See Id.* Here, Defendant's Motion

sets forth its defense to liability along with causation and also explains the specific facts that constitute a meritorious defense. As a result, this third factor also weighs in favor of setting aside the default. *See Childs v. Extra Space Storage, Inc*., 2017 WL 720543, at *2 (D. Nev. Feb. 23, 2017) (finding all three factors weighed in favor or setting aside default).

Accordingly, the Court finds that Defendant has satisfied the good cause standard and default should be set aside.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Set Aside Default (ECF No. 9) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Defendant's request for sanctions against the plaintiffs be **DENIED**. However, the Court has observed conduct that is not consistent with the spirit of cooperation and civility expected from counsel and reminds Plaintiff's counsel of their obligation to engage in this litigation in a civil fashion.

### IV. NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 22, 2020

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE